IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BELINDA SKEETS JAMES,

          Plaintiff,

vs.                                      Civ. No.  15-086 JCH/KBM

THE UNITED STATES OF AMERICA,

          Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on *Defendant's Motion to Dismiss Plaintiff's Claims Not Raised in Administrative Tort Claim Notice for Lack of Jurisdiction* [Doc. 25]. For the reasons described herein, the motion will be granted.

## BACKGROUND

In her Complaint [Doc. 1], Plaintiff Belinda Skeets James ("James") alleges that she is a member of the Navajo Nation who was injured while receiving treatment at the Gallup Indian Medical Center ("GIMC") in Gallup, New Mexico. According to the Complaint, the GIMC is operated by the United States of America and the Indian Health Service. Doc. 1 at p.1; *id*. at ¶ 6. James, who is a quadriplegic, alleges that on May 9, 2012, she was at the GIMC as an outpatient when a male phlebotomist negligently continued to wheel James down a hallway after her right foot slipped off the wheelchair footplate, causing a fracture of her distal right tibia and fibula. James alleges that she received no care for her injuries at GIMC that day, and that over the next six weeks the care GIMC provided for her injury was inadequate.

In her Complaint, James asserts a negligence claim not only for the phlebotomist's actions in improperly placing her foot on the wheelchair and continuing to push the wheelchair

while her foot was wedged between the floor and the wheelchair's foot plate (*see* Complaint at ¶ 45(a) and (b), but also for the medical staff's failure to properly diagnose and treat her injuries. *Id*. at ¶ 45(c) and (d); ¶ 46-48. James asserts that as a result of Defendant's actions, she has suffered deformity to her right foot and chronic pain associated with her right ankle fracture. *Id*. at ¶ 49.

## LEGAL STANDARD

As a jurisdictional prerequisite, the Federal Tort Claims Act bars claimants from bringing suit in federal court until they have exhausted their administrative remedies. *See* 28 U.S.C. § 2675(a); *McNeil v. United States*, 508 U.S. 106, 113 (1993) (holding "FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies"); *Pipkin v. USPS*, 951 F.2d 272, 273 (10th Cir.1991) (holding exhaustion of administrative claims is jurisdictional prerequisite to asserting claims under FTCA). The Tenth Circuit, interpreting this exhaustion requirement, has adopted the rule that a plaintiff must file "(1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation, and (2) a sum certain damages claim. *Bradley v. United States ex rel. Veterans Admin*., 951 F.2d 268, 270 (10th Cir. 1991); *see also Estate of Trentadue ex rel. Aguilar v. United States*, 397 F.3d 840, 852 (10th Cir. 2005).

## DISCUSSION

Defendant argues that James failed to exhaust her administrative remedies for her claims regarding the alleged negligent medical care that she received after her injury. According to Defendant, James filed an administrative claim only as to the alleged negligence on May 9, 2012, of the male phlebotomist who pushed her wheelchair. Defendant argues that James did not file an administrative claim as to any allegedly negligent medical treatment she may have received from

any other employee at GIMC from May 10, 2012 through June 27, 2012. Accordingly, Defendant contends that James' claims of medical negligence should be dismissed for lack of subject matter jurisdiction.

In her response brief [Doc. 28], James concedes that she did not properly exhaust her claim of medical negligence, but rather only her claim relating to the phlebotomist's negligence in causing the initial injury. Doc. 28 at ¶ 4 ("Plaintiff concedes the Form 95 does not contain sufficient information related to a separate and distinct medical negligence claim."). However, James argues that "the dismissal of the medical negligence claim does not bar her from claiming all allowable damages under New Mexico law, including damages for harm caused by medical treatment reasonably related to the wheelchair incident injuries." *Id*. at ¶ 9.

The Court concludes that the motion to dismiss James' medical negligence claim should be granted, as James as conceded that she failed to exhaust her administrative remedies as to that claim. The question of what damages James may recover if she is successful in her claim stemming from the phlebotomist's negligence is outside the scope of the present motion, and the Court will not address it here.

**IT IS THEREFORE ORDERED** that *Defendant's Motion to Dismiss Plaintiff's Claims Not Raised in Administrative Tort Claim Notice for Lack of Jurisdiction* [Doc. 25] is **GRANTED**, and James' claim of medical negligence or malpractice is **DISMISSED**. However, Plaintiff's claim of negligence stemming from the actions of the phlebotomist on May 9, 2012, remains pending. At this time, the Court states no opinion as to the proper scope of damages that James may seek for that claim.

_____
UNITED STATES DISTRICT JUDGE