# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

**BELINDA SKEETS JAMES,**

            **Plaintiff,**

vs.                                        Civ. No.  15-086 JCH/KBM

**THE UNITED STATES OF AMERICA,**

            **Defendant.**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on *Plaintiff's Motion to Strike Defendant's Expert Anthony Reeve, M.D. for Failure to Comply With Fed. R. Civ. P. 26(a)(2)(B)* [Doc. 53]. For the reasons described herein, the motion will be denied.

## BACKGROUND

Defendant has one expert witness, Dr. Anthony Reeve. Although Defendant apparently provided Plaintiff with Dr. Reeve's expert report in a timely fashion, the report was incomplete in that it did not contain a list of all cases in which Dr. Reeve has testified in the last four years. On April 29, 2016, Plaintiff's counsel sent defense counsel a copy of her motion to strike Dr. Reeve, seeking the Defendant's concurrence. Doc. 55-1. Defendant's counsel responded the same day, stating that she was unaware that Dr. Reeve's report had not contained the required information, that she would provide it as soon as possible, and that she opposed the motion to strike. *Id*. Plaintiff filed the motion that same day. Doc. 53.

On May 12, 2016, Defendant filed its response to the motion. Doc. 55. Defendant attached to the response its Supplemental Expert Witness Disclosure listing Dr. Reeve's expert witness testimony over the last four years. Doc. 55-2.

Plaintiff filed no reply brief.

## LEGAL STANDARD

Rule 26(a)(2)(B) provides that expert witnesses must provide the opposing party with a report disclosing certain information about the witness, his qualifications, and his opinions, including "(v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition." Unless the court orders otherwise, these disclosures must be made at least 30 days before trial." Rule 26(a)(3)(B).

Rule 37(c) provides for sanctions against a party that fails to make its required disclosures under Rule 26(a). Rule 37(c) provides: "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Nevertheless, Rule 37(c) permits a district court to refuse to strike expert reports and allow expert testimony even when the expert report violates Rule 26(a) if the violation is justified or harmless. Fed. R. Civ. P. 37(c). "The determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court." *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999). "A district court need not make explicit findings concerning the existence of a substantial justification or the harmlessness" of a Rule 26(a) violation. *Woodworker's Supply*, 170 F.3d at 993. Nevertheless, a district court should consider the following factors: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." *Id*.

**DISCUSSION**

Plaintiff argues that the Court should strike Dr. Reeve as an expert witness because she has been prejudiced by the omission of prior testimony from his report. She argues that "the incomplete and inaccurate expert report has hindered the plaintiff's ability to obtain prior testimony from Dr. Reeve to use for cross examination." Doc. 53 at 2. In response, the Defendant points out that Plaintiff was not prejudiced because she chose not to depose Dr. Reeve during discovery, at which deposition she presumably could have obtained the information she now claims to need. Doc. 55 at 4. The Defendant further states that in the event there was prejudice, it does not oppose the reopening of discovery to allow Plaintiff to cure such prejudice by deposing Dr. Reeve. Having failed to file a reply brief, Plaintiff states no position regarding Defendant's offer to permit Dr. Reeve's late deposition.

The Court concludes that the motion to strike should be denied. There does not appear to be any prejudice to Plaintiff, and if there were, Plaintiff has the opportunity to cure it by conducting a deposition of Dr. Reeve outside of the discovery period. The Court can see no way in which permitting Dr. Reeve to testify would disrupt the trial. Finally, there is no evidence that Defendant acted in bad faith, and Plaintiff does not argue that it did. Rather, it appears to have been an oversight, and Defendant cured the omission promptly once it was brought to Defendant's attention. As a result, the Court concludes that the omission was harmless, and striking Dr. Reeve from Defendant's witness list is not appropriate. Plaintiff has suggested no other remedy, and the Court seeing no other appropriate course of action, the motion will be denied.

**IT IS THEREFORE ORDERED** that *Plaintiff's Motion to Strike Defendant's Expert Anthony Reeve, M.D. for Failure to Comply With Fed. R. Civ. P. 26(a)(2)(B)* [Doc. 53] is **DENIED**.

_____
**UNITED STATES DISTRICT JUDGE**