IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BELINDA SKEETS JAMES,

    Plaintiff,

v.                                                                                               CIV 15-0086 JCH/KBM

UNITED STATES OF AMERICA,

    Defendant.

## **ORDER DENYING MOTION TO ENFORCE SETTLEMENT**

THIS MATTER is before the Court on Plaintiff's Motion to Enforce Settlement *(Doc. 66)*. The Court has given due consideration to the memoranda and exhibits submitted by the parties, and, having conducted the settlement conference at issue, I have reviewed my notes and rely upon my recollection of the events as set forth below.

Plaintiff contends that

> Mr. Borg's paralegal, Danyel Mayer, had called CMS a few days earlier to check on the status of conditional payment letter (CPL). She says she was told that the amount claimed by Medicare was $XX,XXX.XX.[1] She wrote that amount on a post-it note and put the note on the May 4 letter, which Mr. Borg took with him to the settlement conference. When asked, Mr. Borg showed the letter to counsel for the defendant, but took pains to say that the number was based only on a telephone call with Medicare and that plaintiff did not know what the final tally from CMS would be. The lien amount was discussed only in a perfunctory way at the settlement conference; the settlement was not conditioned on a sum specific for the lien. In plaintiff's view, the settlement amount was not predicated on the lien being a precise amount; in fact, plaintiff viewed the Medicre [sic] claim as entirely collateral, something that would need to be taken care of once Medicare got its act together.

---

[1] The Court is always hesitant to reveal confidential discussions occurring during settlement conferences, especially here where the trial will be to the presiding district judge rather than a jury. Both Plaintiff and Defendant have made those discussions a matter of public record through their briefing on this motion. However, the Court is reluctant to do the same and will speak more generally of the amounts discussed.

*Doc. 66* at 4. Clearly, Plaintiff misapprehends the nature of those discussions and the import of Plaintiff's reference to, and Defendant's reliance upon, the CMS figure.

In his demand letter prior to the settlement conference, Plaintiff's counsel identified an amount representing Ms. James' medical bills associated with the incident underlying this case. The number on the referenced post-it note brought by Plaintiff's counsel to the settlement conference was ***more than four times*** the amount set forth in Plaintiff's settlement demand letter. *See Doc. 66-2* at 5-6. Mr. Borg specifically represented to me at the settlement conference that this new number is constitutes medical expenses directly attributable to the incident at issue in this lawsuit. I therefore urged counsel for the United States to reassess her position and seek increased authority in order settle the case, which she did. Far from being a "collateral" issue, the amount of "meds" is frequently used as indicia to estimate appropriate compensation for injuries and pain and suffering.

In reliance on Mr. Borg's representation, AUSA Langenwalter was able to persuade the Office of the General Counsel for the Department of Health and Human Services to offer more to settle the case ***conditioned*** on its final approval once it had an opportunity to review those medical expenses and confirm that they were causally related to the alleged injuries in this case. Unfortunately for Plaintiff, they were not.

The transcript accurately reflects that the agreement reached at the hearing was "a conditional settlement that is conditional on the final approval of HHS and, specifically, the Executive Office of General Counsel," and that AUSA Langenwalter's authority to bind the United States was "contingent upon approval of General Counsel."

*Doc. 66-4.* Although not expressly stated, the Court and Defendant understood that the required Agency approval was conditioned upon the accuracy of Mr. Borg's representation of causally-related medical expenses. To the extent that Mr. Borg and his client did not have that understanding, there was no meeting of the minds on a material term. In sum, because the Agency reasonably withheld approval which was required for a binding agreement, the motion to enforce is without merit and will be denied.

    **IT IS SO ORDERED.**

                                                     */s/ Karen B. Molzen*
                                    UNITED STATES CHIEF MAGISTRATE JUDGE